IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAIN NEWTON, | : |
| *Plaintiff*, | : |
| | : Case No.: 2:25-cv-1769 |
| v. | : |
| | : |
| THE UNIVERSITY OF PITTSBURGH, | : **JURY TRIAL DEMANDED** |
| | : |
| *Defendant.* | : |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Lain Newton, by and through the undersigned counsel, J.P Ward & Associates, LLC and, specifically, Justin M. Bahorich, Esquire, who files the within Complaint in Civil Action against Defendant, The University of Pittsburgh, of which the following is a statement:

## PARTIES

1. Plaintiff, Lain Newton (hereinafter "Mr. Newton"), is an adult individual who currently resides in Allegheny County, Pennsylvania.

2. Defendant, The University of Pittsburgh (hereinafter "Defendant"), is a Pennsylvania public corporation with a principal address of 4200 Fifth Avenue, Pittsburgh, PA 15260.

## JURISDICTION AND VENUE

3. Jurisdiction is proper as Mr. Newton brings this lawsuit under theories of federal and state wage law, including claims for unpaid overtime compensation and retaliation under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq*.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business and employs individuals within the Western District of Pennsylvania, and a substantial part of the events and omissions giving rise to these claims occurred within this District.

5. Defendant employed at least fifteen (15) employees during the relevant time period and was an "employer" within the meaning of the FLSA and PMWA.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under the laws of the United States—specifically the FLSA, which governs the payment of minimum wages and overtime compensation to employees. The Court further has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Mr. Newton's related state law claims under the PMWA, as they arise from the same nucleus of operative fact.

## FACTUAL ALLEGATIONS

7. On or about May 30, 2023, Mr. Newton began his employment with Defendant in the position of Cleaner.

8. At all times relevant, Mr. Newton was a non-exempt employee within the meaning of the FLSA and the PMWA.

9. Mr. Newton routinely worked more than forty (40) hours per week for Defendant, particularly during periods of increased campus maintenance and student move-in preparation.

10. Defendant maintained and controlled the payroll and timekeeping systems used to

track Mr. Newton's hours worked. These systems required employees to clock in and out using both a swipe card and a fingerprint scanner.

11. Daray Kelly ("Ms. Kelly"), a manager who supervised the cleaning staff, was responsible for approving Mr. Newton's electronic timecards and submitting weekly payroll data for processing.

12. Mr. Newton regularly worked significant overtime hours, often on weekends, to complete dormitory cleaning and other assignments. These overtime hours were pre-approved by management.

13. Despite Defendant's knowledge and approval of Mr. Newton's overtime work, he was not paid at one-and-one-half times his regular rate for hours worked over forty in a week.

14. Mr. Newton's paychecks were routinely short and failed to reflect the full amount of overtime hours worked.

15. Mr. Newton brought these pay deficiencies to the attention of Ms. Kelly, who stated she would "call payroll" and investigate the missing overtime pay.

16. However, Ms. Kelly never corrected the error or ensured that Mr. Newton received full payment for the overtime hours worked.

17. Instead, shortly after Mr. Newton raised his concerns regarding unpaid overtime, Ms. Kelly initiated an "audit" of his time and attendance records and attempted to discipline him for alleged attendance issues from several months prior.

18. In or around early November 2024, Ms. Kelly presented Mr. Newton with a "Corrective Action Form" related to alleged issues from June 2024 and instructed him to sign it.

19. Mr. Newton refused to sign the form because the alleged incidents were fabricated and occurred months earlier.

20. On or about November 14, 2024, Ms. Kelly accused Mr. Newton of "no call/no show" absences and terminated his employment.

21. Upon information and belief, Defendant disciplined and terminated Mr. Newton in retaliation for his protected complaints concerning unpaid overtime wages.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE FLSA

22. Mr. Newton incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

23. The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract. *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014).

24. Under the FLSA, employers must pay non-exempt employees one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a).

25. Mr. Newton was a non-exempt employee of Defendant within the meaning of the FLSA.

26. Mr. Newton regularly worked more than forty (40) hours per week for Defendant.

27. Defendant knew or should have known that Mr. Newton was working overtime because such work was performed on Defendant's premises and was pre-approved by management.

28. Defendant failed to compensate Mr. Newton at one-and-one-half times his regular hourly rate for overtime hours worked.

29. Defendant's conduct was intentional, knowing, and in reckless disregard of Mr.

Newton's rights under the FLSA.

30. As a direct and proximate result, Mr. Newton suffered wage loss and other damages recoverable under 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, Lain Newton, respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, including unpaid overtime wages, liquidated damages, costs, reasonable attorneys' fees, and such other relief as deemed just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE PMWA

31. Mr. Newton incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

32. The PMWA requires that all non-exempt employees be paid at least one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a workweek. 43 P.S. § 333.104(c); 34 Pa. Code § 231.41.

33. The PMWA's overtime provisions mirror those of the FLSA, and Pennsylvania courts interpret them consistently with federal law. *See Philadelphia Metal Trades Council v. Konnerud Consulting W.*, 2016 WL 1086709 (E.D. Pa. Mar. 21, 2016).

34. Mr. Newton was a non-exempt employee entitled to overtime compensation under the PMWA.

35. Defendant suffered or permitted Mr. Newton to work in excess of forty (40) hours per week but failed to compensate him for those overtime hours as required by law.

36. Defendant's violations of the PMWA were willful and not the result of good-faith error.

37. As a direct and proximate result, Mr. Newton has suffered damages including unpaid

wages, liquidated damages, and other compensation permitted under the PMWA.

WHEREFORE, Plaintiff, Lain Newton, respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, including unpaid overtime wages, liquidated damages, costs, reasonable attorneys' fees, and such other relief as deemed just and proper.

## COUNT III
## RETALIATION
## IN VIOLATION OF THE FLSA

38. Mr. Newton incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

39. The FLSA prohibits any employer from discharging or discriminating against an employee because such employee has filed a complaint related to unpaid wages. 29 U.S.C. § 215(a)(3).

40. Mr. Newton engaged in protected activity when he complained to Ms. Kelly that he was not being paid for overtime hours worked.

41. Following his complaints, Defendant retaliated against Mr. Newton by conducting a pretextual "audit," attempting to issue an unwarranted corrective-action form, and threatening termination.

42. There is a causal connection between Mr. Newton's protected activity and Defendant's retaliatory conduct.

43. Defendant's conduct was intentional, knowing, and undertaken in reckless disregard of Mr. Newton's rights under the FLSA.

44. As a direct and proximate result of Defendant's actions, Mr. Newton suffered and continues to suffer damages including emotional distress, humiliation, and harm to his employment status and professional reputation.

WHEREFORE, Plaintiff, Lain Newton, respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, including back pay, front pay, liquidated damages, compensatory damages, costs, reasonable attorneys' fees, and such other relief as deemed just and proper.

## COUNT IV
## RETALIATION
## IN VIOLATION OF THE PMWA

45. Mr. Newton incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

46. The PMWA and the public policy of the Commonwealth of Pennsylvania prohibit employers from retaliating against employees who, in good faith, assert rights under state wage and hour laws or complain of violations of those laws.

47. Mr. Newton engaged in protected activity when he complained to management that he had not received overtime pay required under Pennsylvania law.

48. After Mr. Newton's complaints, Defendant—through Ms. Kelly—retaliated against Mr. Newton by initiating a time-and-attendance "audit," presenting outdated disciplinary paperwork, and threatening termination.

49. Defendant's retaliatory actions violate the PMWA and the clear public policy of the Commonwealth protecting employees who seek payment of earned wages.

50. As a direct and proximate result of Defendant's actions, Mr. Newton suffered and continues to suffer damages including emotional distress, humiliation, and harm to his employment status and professional reputation.

WHEREFORE, Plaintiff, Lain Newton, respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, including back pay, front pay, liquidated damages,

compensatory damages, costs, reasonable attorneys' fees, and such other relief as deemed just and proper.

**JURY TRIAL DEMANDED.**

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **J.P. WARD & ASSOCIATES, LLC** |
| Date: November 13, 2025 | By: */s/ Justin M. Bahorich* |
|  | Justin M. Bahorich, Esq. |
|  | Pa. I.D. No. 329207 |
|  | J.P. Ward & Associates, LLC |
|  | The Rubicon Building |
|  | 201 South Highland Avenue |
|  | Suite 201 |
|  | Pittsburgh, PA 15206 |
|  | jbahorich@jpward.com |
|  | *Counsel for Plaintiff* |